179 So. 25

### DESSALLES v. TICHENOR.

No. 34249.

Jan. 10, 1938.

Rehearing Denied Feb. 7, 1938.

of reciprocal mortgages in connection therewith, between plaintiff and Sol Weiss, both residents of the city of New Orleans.

By the terms of this contract, plaintiff sold to Sol Weiss a certain piece of improved property at the corner of Tulane avenue and Franklin street, in the city of New Orleans, Weiss assuming the outstanding mortgage on the property as part of the purchase price.

On the other hand, Weiss transferred to plaintiff a number of vacant lots, plaintiff assuming the mortgage due the Conservative Homestead Association by Weiss, as part of the consideration and purchase price.

There remained a deficit in the purchase price payable by Weiss for the Tulane avenue and Franklin street property of $6,400, and Weiss executed a second mortgage on the property for that amount, represented by three mortgage notes for $1,000, $2,000, and $3,400, maturing one, two, and three years after date.

The acts of sale and assumption by Dessalles to Weiss, and by Weiss to Dessalles, were executed before Frank Stich, notary public, on September 30, 1930. On the same date, and at the same time, the second mortgage was executed by Weiss before Rolla A. Tichenor, Jr., notary public.

The three second mortgage notes, aggregating $6,400, were then delivered to Rolla A. Tichenor, Sr., defendant herein, as attorney for Samuel J. Dessalles, plaintiff. At the same time, Sol Weiss issued two checks, aggregating $3,981.48, payable

Sydney J. Parlongue, of New Orleans, for appellant.

Weiss & Weiss, of New Orleans, for Sol Weiss, assignee of Samuel J. Dessalles.

Hubert M. Ansley, of New Orleans, for appellee.

LAND, Justice.

For many years, the defendant, Rolla A. Tichenor, Sr., had been the attorney and business advisor of plaintiff, and, during that time, had advanced him various sums of money in his purchase of real estate in the city of New Orleans, and for other purposes.

Defendant was counsel for plaintiff in connection with a certain trade or exchange of properties, and the assumption

to Samuel J. Dessalles as part of the cash consideration of said transaction, which were then delivered to Rolla A. Tichenor, Sr., and, after having been indorsed to the payee, Samuel J. Dessalles, were deposited into the bank account of Rolla A. Tichenor, Jr., the son and legal associate of defendant.

Plaintiff alleges that the three second mortgage notes executed by Sol Weiss were retained by defendant, Rolla A. Tichenor, Sr., for collection, and that, except for payment of real estate agent's commission due by plaintiff incidentally to said transaction, defendant also retained the proceeds of said checks.

Plaintiff also alleges that Sol Weiss paid to defendant on September 30, 1931, the first mortgage note of $1,000, together with interest, and interest upon the two succeeding notes, together with attorneys' fees, aggregating $1,599.21.

Plaintiff alleges that, in the settlement of accounts with defendant, defendant has been overpaid the sum of $936.57, for which plaintiff prays for judgment.

Plaintiff also prays to be decreed to be the owner of the two remaining mortgage notes, one for $2,000 and the other for $3,400, and alleges "if notes have been disposed of or surrendered by said Tichenor, then and in that event, that petitioner be decreed to be the owner of a certain compromise note received by said Tichenor from said Weiss, in the principal sum of Twenty seven Hundred and No/100 ($2,700.00) Dollars, dated April 21, 1933, payable in monthly installments of Eighty-five and No/100 ($85.00) Dollars, each bearing eight per cent (8%) per annum interest from the respective maturities of said installments, which note is attached to suit No. 209,149, of the Docket of this Honorable Court, entitled 'Rolla A. Tichenor, Sr., v. Sol Weiss.'"

On May 18, 1932, Sol Weiss instituted suit No. 197,304 of the docket of the civil district court for the parish of Orleans against Samuel J. Dessalles, plaintiff herein, to have the transaction in which these mortgage notes were given annulled and set aside, as well as the mortgages on the property. R. A. Tichenor, Sr., defendant herein, intervened in the suit and opposed the cancellation of the mortgage securing the payment of these notes, on the ground that he, Tichenor, was the owner of the notes, having acquired them for value and before maturity, by virtue of an assignment from plaintiff of date September 29, 1931.

There was judgment decreeing the nullity of the transaction between Weiss and Dessalles, and of the notes and mortgages therein given in so far as Dessalles was concerned, but without prejudice to the rights of intervener, Tichenor, now defendant in this case.

On October 3, 1932, Tichenor, defendant herein, filed suit No. 199-198 in the civil district court against Sol Weiss, the maker of these mortgage notes, and in October of the same year, Weiss brought suit against Tichenor, No. 199,179 in the same court, alleging, in substance, that Tichenor was not the owner of these notes,

but that Dessalles was the owner of same, and that therefore his obligation thereon was canceled by the judgment rendered in the suit entitled Weiss v. Dessalles, referred to above.

The above suits were compromised by Weiss' giving his unsecured note, payable to Tichenor, in the sum of $2,700, in monthly installments, as alleged in plaintiff's petition.

In October, 1934, Weiss having defaulted in his monthly installments on this note, Tichenor brought suit No. 209,-149 in the civil district court, entitled "Rolla A. Tichenor, Sr. v. Sol Weiss," and obtained judgment in his favor and against Weiss, in the sum of $1,510, with interest and attorney's fees, based upon the note for $2,700, which Tichenor had sued upon, as holder and owner. This amount is also included in the accounting sued for in the present suit which was filed in the civil district court November 21, 1935.

(1) Plaintiff cannot recover the second and third mortgage notes in this case for the plain reason that these notes were surrendered by defendant to Weiss, in lieu of the compromise note of Weiss for $2,700. Nor can plaintiff recover the latter note for the further reason that, by praying for its recovery, in the alternative, plaintiff has ratified the compromise. Besides, the compromise note has been sued on by defendant and has been merged into a final judgment. Even if defendant so desired, he could not restore this note to plaintiff.

There is still a stronger reason why plaintiff cannot recover any of these notes, or any of the amounts paid upon them to the defendant.

By the assignment of September 29, 1931, Dessalles, plaintiff, transferred to Tichenor, defendant, the three second mortgage notes, aggregating $6,400, dated September 30, 1930. These notes were held by Tichenor in pledge to secure a debt due by Dessalles to Tichenor, amounting in principal and interest to $5,978.64, and by assignment were given in payment and discharge of the debt.

The act of assignment reads as follows:

"State of Louisiana, Parish of Orleans, City of New Orleans

"Be it known that on this 29th day of September 1931, that I Samuel J. Dessalles, the owner of Three certain promissory notes dated Sept. 30, 1930; drawn by Sol Weiss to the order of himself and by him endorsed, - 1 note for $1000.00, payable on or before one year after date; one note for $2000.00, payable on or before two years after date and one note for $3400.00, payable on or before three years after date; said notes bear interest at the rate of 7% interest per annum from date until paid, interest payable semi-annually; which said notes were pledged to Rolla A. Tichenor to secure the payment of a debt which now together with principal and interest amounts to the sum of $5978.64.

"That in full payment and discharge of said obligation I do by these presents

transfer to the said Rolla A. Tichenor, Sr. all of my right, title and interest in said notes above described which are secured by mortgage on the property described in act of second mortgage before R. A. Tichenor Jr, on September 30, 1930; - which said transfer to include all of my right, title and interest in and to said mortgage.

"In witness whereof, I have signed these presents on the day, month and year hereinabove written."

"[Original signed] Samuel J. Dessalles."

"R. A. Tichenor, Jr."

"R. R. Lodrigues."

Plaintiff has attacked this assignment as a simulation, and also as having been obtained by defendant through false and fraudulent representations.

The lower court rendered the following judgment in the case:

"After due consideration of the pleadings, evidence and argument of counsel, the court considering the law and the evidence to be in favor of the defendant, for reasons orally assigned:

"It is ordered, adjudged and decreed that there be judgment in favor of the defendant, Rolla A. Tichenor, Sr., and against the plaintiff, Samuel J. Dessalles, dismissing plaintiff's suit at his cost."

From this judgment, plaintiff has appealed.

(2) The following dates of the various transactions in this case will clarify the situation:

September 30, 1930: Reciprocal acts of sale and assumption passed between Desalles and Weiss.

September 30, 1930: Second mortgage represented by three notes aggregating $6,-400, from Weiss to Desalles executed; notes delivered to Rolla A. Tichenor, Sr.

September 30, 1930: Weiss issued checks payable to Dessalles for $3,981.48; checks indorsed by Dessalles, and deposited into bank account of Rolla A. Tichenor, Jr.

March 11, 1931: Tichenor issued receipt to Dessalles to the effect that the three second mortgage notes were held by him for collection.

September 29, 1931: Tichenor obtained assignment by Desalles of his interest in all three of second mortgage notes ($6,400.00) and in the mortgage, for an indebtedness of $5,978.

The following transactions took place after the date of the assignment by Dessalles to Tichenor of the three mortgage notes in question:

September 30, 1931: First of second mortgage notes ($1,000) matured.

October 21, 1931: Weiss paid Tichenor $1,599.21 representing payment of first maturing note, $1,000, with interest and attorney's fees, together with interest on the two outstanding notes of said series.

March 30, 1932: Weiss paid Tichenor $189 representing semiannual interest on the two outstanding second mortgage notes.

April 21, 1933: Weiss began paying Tichenor $85 per month in discharge of compromise note for $2,700, issued by Weiss, payable to Tichenor, in lieu of the two mortgage notes, aggregating $5,400; payments continued for fourteen months, aggregating $1,190.

(3) There can be no question as to the amount due by plaintiff to defendant on September 29, 1931, the date of the assignment of the three second mortgage notes by Dessalles to Tichenor. That amount is fixed in the assignment itself at $5,978, and consists of the following loans made by Tichenor to Dessalles:

| | | |
|---|---|---|
| July 8, 1926 | $ 120.64 | |
| Oct. 3, 1927 | $ 63.00 | |
| April 5, 1928 | $7,200.00 | |
| July 9, 1928 | $ 461.80 | |
| July 11, 1930 | $ 75.00 | |
| Second Mortgage Loan | $2,650.00 | |
| Second Mortgage Loan | $1,500.00 | |
| Total | $6,637.44 | |
| Paid on acc't | 1,600.00 | $5,037.44 |
| Interest to Sept. 29, 1931, date of assignment | | 940.60 |
| | | $5,978.04 |

It would require too much space in this opinion to detail the dealings between Tichenor and Dessalles. Suffice it to state that the record contains a complete statement of all dealings, with checks to cover each transaction, and with statements itemizing each transaction, as and when the dealing occurred. T. 233; Tr. 261.

It is true that Tichenor issued, on March 11, 1931, a receipt to Dessalles to the effect that the three second mortgage notes, aggregating $6,400, were held by him "for collection"; but this receipt was followed later, on September 29, 1931, by the assignment by Dessalles of these notes to Tichenor; and all payments made thereafter on these notes, and on the compromise note for $2,700, were due to Tichenor as holder and owner, and not to plaintiff.

The contention of plaintiff that the assignment of these notes by Dessalles to Tichenor is a simulation is without merit, as the consideration for this assignment was the payment of a debt of $5,978.64 due by plaintiff to defendant, who, at the date of the assignment, September 29, 1931, held these notes in pledge for the payment of this debt.

As to the alleged false and fraudulent representations made by Tichenor to Dessalles in order to obtain the assignment of these three mortgage notes, plaintiff alleges in article 12 of the petition " * * * said Tichenor constantly representing that petitioner was in danger of a suit by said Weiss, as aforesaid; that said Tichenor represented unto petitioner that said Weiss was 'furious' and intended to file suit and would seize the said mortgage notes, if in the possession of petitioner."

The testimony of plaintiff is to the same effect: "When I went up there he (referring to Tichenor) told me, you know this fellow Weiss is furious, he is liable to seize these notes and therefore I have a little document that I drew up there, I want you to sign in order to protect me." T. 166, 167.

Tichenor did not mislead Dessalles when he told him Weiss was going to sue. In point of fact, Weiss did sue Dessalles to set aside all transactions between them, and the only thing that saved Tichenor was the assignment herein attacked. T. 226, 227. The only reason that Weiss did

not cancel the notes passing by the assignment was because Tichenor had them in his possession and held them in pledge as security for the debt due by Dessalles to him.

Tichenor intervened in that suit to protect the notes received by him and, in the judgment Weiss obtained, Tichenor's rights were reserved.

The suit filed by Weiss against Dessalles above referred to, is No. 197,304, civil district court, parish of Orleans. In that suit a judgment was obtained by Weiss by default setting aside the contract of sale of the property on which Tichenor's mortgage rests, and all mortgages resting thereon, but the mortgages held by Tichenor were not disturbed by that judgment.

(4) Although Tichenor had handled large real estate transactions for Dessalles for fourteen years, had financed him in various real estate transactions, had acted as his attorney all that time, yet it is only in the year 1935 we find him suddenly filing a suit to annul the assignment, a transaction dated September 29, 1931, or four years after it was confected, and after the signal failure of plaintiff in a suit uncontested by him, brought against him by Weiss to wipe out the mortgages on the property held by Tichenor as security for a debt due him by plaintiff. Indeed, even after the assignment, we find Dessalles still dealing with Tichenor, going to his office and borrowing money. T. 162; T. 261, 262; T. 264; T. 252, 253.

(5) The outstanding weakness of the charge of fraud in this case is shown by the abortive attempt of plaintiff to parade

himself before the courts as a poor, innocent, and ignorant client who had been inveigled into his lawyer's office and deluded into signing a document which he never read.

In reference to this attitude of plaintiff, Tichenor, defendant, testified as follows:

"A. Mr. Dessalles owned and handled more real estate transactions than I ever did myself. He owned more property, real estate than I ever owned. He was doing business with the bank familiar with banking customs and so far as his knowledge of real estate, he could give me pointers with reference to real estate transactions. He was speculating in real estate; he was going to run his grocery store and bar room and several other interests and so far as being ignorant and untutored and unfamiliar with business customs, there is no foundation for such a contention at all. Mr. Dessalles knew what he was doing, knew the custom with reference to the borrowing of money and giving of security and handling of collateral." T. 217.

In the same connection, R. A. Tichenor, Jr., testified as follows:

"Q. Mr. Tichenor, Mr. Dessalles began his evidence with the statement about his ignorance and lack of learning and lack of business acumen. Do you know anything about Mr. Dessalles business ability? A. I think to the contrary .. I think he has very good judgment. Anybody who can run up real estate up to two hundred some odd thousand dollars. At that time

here in 1920, as I recall, he sold Tulane or Saratoga the corner of Villere, he sold that there property for which he received $65,000.00 in cash. He had intelligence enough to confect these various and sundry transactions in real estate and he knows all about it." T. 175.

Again, R. A. Tichenor, Jr. testified:

"Q. What were the relations between your father and Mr. Dessalles? A. Well, we had been there representing Mr. Dessalles for something like fourteen years. During which period we had financed him in various and sundry real estate transactions. Also represented him in quite a few law cases, suits in which he was interested in. Mr. Dessalles, I think the first piece of property he purchased in his right, I think was in the year about 1923 or 1924 though I may not be exactly correct on that and we loaned him money the first time he ever bought any property. Mr. Dessalles was very successful in his real estate transactions. He started off there and had one piece of property and I will say up until 1930 or 1931 when practically all his property was disposed of, he had close on to a quarter of a million dollars of property." T. 175.

The above testimony shows how baseless is the contention that Dessalles, the plaintiff, was a man ignorant of business matters.

The trial judge accepted as true and trustworthy the testimony of defendant and his witnesses that the assignment of the mortgage notes by plaintiff to defendant was not obtained by false and fraudulent representations.

 In a case involving issues of fraud, the opinion of the judge a quo on questions of fact, where he saw and heard the witnesses, is entitled to great weight, and his judgment, unless clearly wrong, will be affirmed. Nessans v. Colomes, 136 La. 1051, 68 So. 122; Siekmann v. Kern, 132 La. 100, 61 So. 128.

We do not feel that the judge a quo erred in the conclusion reached by him in this case.

Judgment affirmed.

HIGGINS, J., absent.